IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Joseph Maness, | ) | C/A No. 1:20-cv-3664-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kilolo Kijakazi,[1] Acting Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claims for Disability Insurance Benefits and Supplemental Security Income.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling.  The Magistrate Judge issued a Report and Recommendation ("Report") on August 19, 2021, recommending that the Court reverse the decision of the Commissioner and remand for further proceedings.  ECF No. 18.  Neither party filed objections to the Report.[2]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Fed. R. Civ. P. 25(d), she is substituted for former Commissioner Andrew Saul as the defendant in this action.

[2] The Commissioner filed a reply to the Magistrate Judge's Report and Recommendation, in which she indicated that she does not intend to file any objections.  ECF No. 19.

1

The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (citation omitted)).

Upon review of the record, the applicable law, and the findings and recommendations of the Magistrate Judge, the Court finds no clear error and **ADOPTS** the Report.  Therefore, the Commissioner's decision is **REVERSED** and the Court **REMANDS** this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 30, 2021
Spartanburg, South Carolina